

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, as subrogee of WILLIAM AND ANNE GUEVREMONT, | : | CIVIL ACTION NO.: 3:02CV2000 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| A.J. ELECTRIC, INC., | : | |
| Defendant. | : | OCTOBER 14, 2003 |

### TRIAL MEMORANDUM

## 1. TRIAL COUNSEL

    (1)    Stuart G. Blackburn, Plaintiff's Counsel
    Two Concorde Way
    Windsor Locks, CT  06096-0608
    (860) 292-1116

    (2)    Erik Roberts, Defendant's Counsel
    Gordon Muir and Foley
    10 Columbus Boulevard
    Hartford, CT  06106-5123
    (860) 525-5361

## 2. JURISDICTION

    The jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1332 (a), there being diversity of citizenship between the parties and an amount in controversy in excess of $75,000.  The Plaintiff, Cambridge Mutual Fire Insurance Company, is a corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Andover, Massachusetts.  The Defendant, A. J. Electric, Inc., is a corporation existing under the laws of the State of Connecticut, with a principal place of business in Gales Ferry, Connecticut.

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976

Telephone (860) 525-5361               Facsimile (860) 525-4849               Juris No. 24029

### 3. JURY/NON-JURY

The case is to be tried to a jury.

### 4. LENGTH OF TRIAL

Three days.

### 5. FURTHER PROCEEDINGS

None.

### 6. A. NATURE OF CASE - PLAINTIFF

The Plaintiff Cambridge Mutual Fire Insurance Company provided property insurance covering property owned by William and Anne Guevremont, located at 23 Marlin Drive, Groton, Connecticut. On December 30, 2000, a fire occurred at that location, originating in an electrical panel located in the basement of the home, which caused significant damage to the property. The Plaintiff alleges that the fire was caused by the negligence of the Defendant who serviced the electrical panel the day of the fire. Mr. DeCosta, the owner of the Defendant company, was called to the Guevremont 's home December 30, 2000 because Mr. Guevremont detected that the panel was warm. Mr. DeCosta found that the main circuit breaker was hot and needed to be replaced. Furthermore, Mr. DeCosta noted evidence of old water damage. However, Mr. DeCosta took no action to repair the problem or take the breaker out of service. It is the Plaintiff's contention that, had he done, so the fire which occurred a few hours after Mr. DeCosta left the property, would have been prevented. The cost to repair the home as a result of the fire was estimated to be $316,170.00, the value of the personal property damaged by the fire was $144,444.15 and the insureds incurred additional living expenses of $55,995.58. The Plaintiff seeks to recover its payments to its insureds under its insurance policy from the Defendant through its right of subrogation.

### B. NATURE OF THE CASE – DEFENDANT

A. J. DeCosta, an experienced electrician, responded to a homeowner's request for service on Saturday, December 30, 2000. The homeowner indicated, over the phone, that he wanted an investigation of his basement electrical panel. Mr. DeCosta arrived at the home later that morning and found that the homeowner who made the call was no longer present. Mr. DeCosta inspected the panel in the basement and determined it needed to be replaced. After performing some diagnostic tests and inspecting the panel, he determined the panel was safe to remain in use until a replacement could be found, at most three days later Lawrence Vallierers will provide expert testimony that it was

- 2 -

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4849          JURIS No. 24029

reasonable for Mr. DeCosta to leave the panel in service while a replacement was located.

## 7. TRIAL BY MAGISTRATE JUDGE

The parties are willing to consent to a trial by a Magistrate Judge.

## 8. LIST OF WITNESSES

### A. Plaintiff's List Of Witnesses

1. <u>William Guevremont</u>, 23 Marlin Drive, Groton, CT

   Mr. Guevremont is the plaintiff's insured and owner of the damaged premises. He is expected to testify about the events of December 30, 2000, his damages in connection with the fire, the fair market value of the property and their additional living expenses incurred as a result of the fire.

   Length of testimony: 1.0 hour

2. <u>Anne Guevremont</u>, , 23 Marlin Drive, Groton, CT

   Mrs. Guevremont is the plaintiff's insured and owner of the damaged premises. She is expected to testify about the events of December 30, 2000, her damages in connection with the fire, the fair market value of the property and their additional living expenses incurred as a result of the fire.

   Length of testimony: 1.0 hour

3. <u>Jessica Trembly</u>, Arizona

   Ms. Trembly is a sister of Mrs. Guevromont. She will testify to what she observed at the time of the fire.

   Length of testimony: .6 hour

4. <u>Amy Trembly</u>, 2439 NE 282nd Avenue, Camas, Washington

   Ms. Trembly is Mrs. Guevromont's niece. She will testify to what she observed at the time of the fire.

   Length of testimony: .6 hour

- 3 -

5.    <u>Anthony J. DeCosta</u>, 2 Chapman Lane, Gales Ferry, Connecticut.

Mr. DeCosta is the president of the Defendant company and will testify to his observations and actions prior to and on December 30, 2000 at the Guevromont home.

Length of testimony:  1.0 hour

6.    <u>Chris Killian</u>, Poquonock Bridge Fire Department, 737 Long Hill Road, Groton, CT  06340

Mr. Killian is the Fire Marshal and he is expected to testify as to his investigation of the cause of the December 30, 2000 fire.

Length of testimony:  1.0 hour

7.    <u>Ronald Mullen</u>, Engineering and Fire Investigations, 634 State Road, Suite K, North Dartmouth, MA

Mr. Mullen is an experienced fire investigator and will testify as to his findings and opinions on the cause and origin of the December 30, 2000 fire.

Length of testimony:  1.5 hours

8.    <u>John F. Burke</u>, Jr., The Burke Corporation, 18 Railroad Avenue, Andover, MA 01810

Mr. Burke is an experienced general contractor and will testify to the cost to repair the Guevremonts residence as a result of the December 30, 2000 fire.

Length of testimony:  .75 hour

9.    <u>Marcia A. Leonard</u>, PA Inc., 77 Newbury Lane, Wallingford, CT

Ms. Leonard is an experienced public adjuster who represented the Guevromonts and will testify to the damages that resulted from the December 30, 2000 fire.

Length of testimony:  .75 hour

10.    <u>Eric Biss</u>, Box 2415, Pittsfield, MA

Mr. Biss is a property claims adjuster who handled the loss caused by the December 30, 2000 fire for the Plaintiff.  He is expected to

- 4 -

testify as to damages caused by the fire and the payments made by the Plaintiff.

Length of testimony:  1.0 hour

11.  <u>Thomas Conlan</u>, 35 Miller Road, Latham, NY

Mr. Conlan is an electrical consultant and will testify to his examination of the electrical panel and his investigation of the fire. He will testify to his opinion that the Defendant's employee's negligence caused the fire.

Length of testimony:  2.0 hours

**B. Defendant's List Of Witnesses**

1.  <u>Anthony J. DeCosta</u>, 2 Chapman Lane, Gales Ferry, CT

Mr. DeCosta is expected to testify about his experience and training as an electrician. He will describe A. J. Electric, Inc. He will explain his familiarity with the house in question and the owners. He is expected to testify in detail about the events occurring on December 30, 2000, his findings, conclusions and actions.

Length of testimony:  2 hours (1 hour by plaintiff)

3.  <u>William Guevremont</u>, 23 Marlin Drive, Groton, CT

Mr. Guevremont is expected to testify regarding the events of December 30, 2000.  It is also expected that he will testify regarding Mr. DeCosta and the work he performed at the home.

Length of testimony:  1 hour (0 hours if called by plaintiff)

3.  <u>Laurence Vallierers</u>, 109 Commerce Street, Glastonbury, CT

Mr. Vallierers was hired by the defendant to provide expert analysis and opinions in this matter.  Mr. Vallierers will testify about his investigation of the case, as well as his findings and conclusions.

**9.  EXHIBITS**

**Exhibits Of Plaintiff**

P1-60          Photographs of the Guevremont home taken by John Burke, Jr.

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976

TELEPHONE (860) 525-5361                FACSIMILE (860) 525-4849                JURIS No. 24029

P61        Lease for property at 18 Middlefield Street, Groton Long Point, Connecticut from January 15, 2001 to June 25, 2001.

P62        Lease renewal for 18 Middlefield Street, Groton Long Point from April 1, 2001 to June 25, 2001.

P63        Lease for property at 132 Cedar Road, Mystic, Connecticut for June 18, 2001 to August 31, 2001.

P64        Lease for the property 132 Cedar Road, Mystic, Connecticut.

P65        Lease for the property 4 Heatherspur Road, Ledyard, Connecticut.

P66        Invoice from JP Appliance dated January 5, 2001.

P67        Invoice from BJ Wholesale dated April 24, 2002.

P68        Three invoices from Bogovin Moving & Storage dated April 24 and April 25, 2002.

P69        Claim Inventory of Personal Property prepared by insured and Marsha Leonard.

P60        Servpro invoice dated June 1, 2001.

P61        Servpro estimate invoice dated February 19, 2001.

P62        Servpro bill of April 3, 2002.

P63        Lease for 88 Sound Breeze Avenue, Groton Long Point from September 25, 2001 to Februry 28, 2002.

P64        A.J. Electric work order dated December 30, 2000. (DeCosta deposition Exhibit 6)

P65        Summary Events dated January 12, 2001 prepared by Mr. DeCosta (DeCosta deposition Exhibit 8, page 2)

P66        Statement of A. James DeCosta dated December 26, 2001. (DeCosta deposition Exhibit 10)

P67-120        Forty four photographs taken by Ronald Mullen of the fire scene.

- 6 -

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361        FACSIMILE (860) 525-4849        JURIS No. 24029

P121          The electrical panel and associated evidence taken from 32
              Marlin Drive.

P122          Appraisal of Damage prepared by John Burke, Jr.

P83-227       Photographs of the property and contents taken by Eric Biss.

P228-P241     Checks from Cambridge Mutual to William and Anne
              Guevremont in payment of the loss.

P242-P256     Photographs of the evidence taken by Thomas Conlan.

## 10.  TRIAL TO JURY

### (1) Stipulation of Uncontroverted Facts

    1.    William and Anne Guevremont were the owners of the
residence at 32 Marlin Drive, Groton, Connecticut.

    2.    On December 30 2000, the Plaintiff Cambridge Mutual Fire
Insurance Company insured the Guevremonts' home and its
contents for damage from fire.

    3.    On December 30, 2000, a fire occurred at 32 Marlin Drive,
Groton, Connecticut.

### (2)  Proposed voir dire questions

### Plaintiff's Questions

1.    Have you heard anything about this case from any source
whatsoever?
      a. If so, what have you heard?
      b. Has anything that you have heard caused you to form an
opinion about this case?
      c. If so, what is that opinion?

2.    Are you or any member of your family or friends a present or past
employee of the Defendant?

3.    Have you, or any member of your family or friends had any
dealings, business or otherwise, with the Defendant or its owners?

4.    Are you acquainted with any of the prospective witnesses in this
case?
      a. If so, what is your relationship with the witnesses?

GORDON, MUIR AND FOLEY, LLP, Attorneys at Law, Hartford Square North, Ten Columbus Boulevard, Hartford, CT 06106-1976
Telephone (860) 525-5361          Facsimile (860) 525-4849          Juris No. 24029

5.    Are you, or any member of your family, employed by an insurance company?

6.    Have you or any member of your family or friends been involved in a lawsuit involving negligence, either as a plaintiff or defendant?

7.    Have you served as a juror in this Court or any other Court?
    a.  If so, did you deliberate to a verdict; and
    b.  Would your previous experiences as a juror tend to influence our decision in this case in any way?

8.    Are you or any member of your family a fireman, fire investigator, electrician, or an electrical engineer?

9.    Have you, any member of your family, had a close that was a fireman, fire investigator, electrician, or an electrical engineer?

10.   The Plaintiff in this case is an insurance company pursuing its subrogation rights as the law permits it to do so. Is the fact that an insurance company is a party to the case going to influence your decision on the case in any way?

11.   Have you or any close friends or family members ever been the victim of a fire?

Defendant's Questions

1.    Have you ever complained about work that was performed on or about your home or vehicle?

2.    If the answer to question 1 is yes, please state, in general, the nature of the complaint and the outcome.

3.    Have you, your family or friends, been involved in any lawsuit?

4.    If the answer is yes, was the lawsuit resolved to your satisfaction?

(3)  Proposed Jury Instructions are attached

## 11.  ANTICIPATED EVIDENTIARY PROBLEMS

None

GORDON, MUIR AND FOLEY, LLP, ATTORNEYS AT LAW, HARTFORD SQUARE NORTH, TEN COLUMBUS BOULEVARD, HARTFORD, CT 06106-1976
TELEPHONE (860) 525-5361          FACSIMILE (860) 525-4649          JURIS No. 24029

THE PLAINTIFF,

By: _____
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel.: 860-292-1116
Fax: 860-292-1221
Fed. Ct. #CT00686

THE DEFENDANT,

By: _____
Erik Roberts, Esq.
Gordon, Muir and Foley
10 Columbus Boulevard
Hartford, CT  06106-5123
Tel.:  860-525-5361
Fax:  860-525-4849
Fed. Ct. #

**EXHIBIT A**

**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

Plaintiff's Request for Charge No. I

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.  Sevigny v. Dibble Hollow Condominium Assn., 76 Conn. App. 306, 819 A2d. 844 (2003)

<u>Plaintiff's Request for Charge No. 2</u>

Negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person, with the Defendant's training and knowledge, would use in the same circumstances.

<u>Hoelter v. Mohawk Services, Inc.</u>, 170 Conn. 495, 501 (1976)

<u>Plaintiff's Request for Charge No. 3</u>

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person possessing the Defendant's training and knowledge would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised. <u>Galligan v. Blais</u>, 170 Conn. 73, 77 (1976)

Plaintiff's Request for Charge No. 4

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Doe v. Manheimer, 212 Conn. 748, 757 (1989)

Plaintiff's Request for Charge No. 5

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.  Pilon v. Anderson, 112 Conn. 300, 301 (1930)

Plaintiff's Request for Charge No. 6

Negligence is a substantial factor in bringing about an injury if it
contributes materially to the production of the injury.  Doe v. Manheimer, 212
Conn. 748, 757-58 (1989)

<u>Plaintiff's Request for Charge No. 7</u>

To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff need not prove that the defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, the plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated, in view of what the defendant knew or should have known at the time of the negligent conduct. <u>Mehri v. Becker,</u> 164 Conn. 516, 521 (1973)

Plaintiff's Request for Charge No. 8

If you find that the Defendant's conduct was a substantial factor in bringing about the Plaintiff's losses, then you must find that such conduct was the legal proximate cause of the damage.  Pinto v. Spigner, 163 Conn. 191 (1972)

<u>Plaintiff's Request for Charge No. 9</u>

If you find the Defendant's conduct was a substantial factor in bringing about the Plaintiff's losses, then you must determine what damages to award to the Plaintiff. The Plaintiff need not prove the existence and amount of damages with mathematical certainty and exactitude. <u>Johnson v. Flammia</u>, 169 Conn. 491, 363 A.2d. 1048 (1975)

<u>Plaintiff's Request for Charge No. 10</u>

The proper measure of damages for damage to property is the diminution in value of the property before and after the loss.  The diminution in value may be proven by the cost to repair the property provided the cost to repair does not exceed the value of the property.  <u>Whitman Hotel Corp. v. Watrous Eng. Co.</u>, 137 Conn. 562, 79 A2d. 591 (1951)

Plaintiff's Request for Charge No. 11

An insurance company's right of subrogation arises from its contract of insurance with its insured.  The insurance company steps into the shoes of the insured and is allowed to assume that insured's rights against the party who caused the insured's loss.  <u>Orselet v. DeMatteo</u>, 206 Conn. 542, 546-47, 539 A.2d 95 (1988)

**EXHIBIT B**

**DEFENDANT'S PROPOSED JURY CHARGE**

<u>Defendant's Request to Charge No.1</u>

"Expert testimony is required to support a claim of a breach of a duty if "the

determination of the standard of care that governs the duty requires knowledge

that is beyond the experience of [the] fact finder. . . ." (Internal quotation marks

omitted.) Doe v. Yale University, 252 Conn. 641, 686-87, 748 A.2d 834 (2000)."

ROACH v. IVARI INTERNATIONAL CENTERS, INC., 77 Conn. App. 93, 101

822 A.2d 316 (2003).