UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 17 P 2: 22

US DISTRICT COURT
HARTFORD CT

CAMBRIDGE MUTUAL FIRE
INSURANCE COMPANY, as
subrogee of WILLIAM and
ANNE GUEVREMONT,
　　　　　　Plaintiff,

v.

A.J. ELECTRIC, INC.,
　　　　　　Defendant.

CASE NO. 3:02CV2000 (DFM)

PRETRIAL ORDER

Pursuant to a pretrial conference held on December 2, 2003, it is hereby ORDERED that:

a.  Trial will commence with jury selection on **April 21, 2004 at 10:00 a.m.**

b.  Presentation of the evidence will begin on **April 27, 2004.**

c.  Counsel estimate that the trial will require 4 trial days. Accordingly, the court has set aside **April 27, 2004 to April 30, 2004** for trial.

d.  During the trial, the court will attempt to adhere to following daily schedule:

| | |
|---|---|
| 9:30 a.m.: | All trial participants in the courtroom ready to proceed. Court will hear any necessary legal arguments. |
| 10:00 a.m.: | Presentation of evidence begins |
| 11:15 a.m.: | Morning recess |
| 11:30 a.m.: | Trial resumes |
| 1:00 p.m.: | Luncheon recess |
| 2:00 p.m.: | Trial resumes |

```
3:30 p.m.:    Afternoon recess
3:45 p.m.:    Trial resumes
5:00 p.m.:    Court adjourns
```

5.   A final pretrial conference shall be held in the chambers of the undersigned on **April 21, 2004 at 2:00 p.m.** Trial counsel must attend jury selection and the final pretrial conference, unless excused by the Court.

6.   By **March 15, 2004,** the parties shall file a Supplemental Joint Trial Memorandum. **Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.** The memorandum shall include the following:

   a.   <u>Stipulations of Fact</u>:   Any stipulations of fact shall be set forth in the Trial Memorandum. The stipulations shall be worded in precisely the manner in which they may be read to the jury.

   b.   <u>Witnesses</u>:   Each party shall list the witnesses it intends to call at trial. A brief summary of the witness's anticipated testimony shall be included. The plaintiff's witnesses and the defendants' witnesses shall be listed separately. For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth in the Trial

Memorandum so that the objection can be addressed prior to trial.

No witness, other than those listed in compliance with this Pretrial Order, shall be permitted to testify other than for good cause shown and arising at trial in response to the case in chief, or to the case in defense, and not reasonably anticipated at the time of complying with this Pretrial Order.

    c.    <u>Exhibits</u>: Each party shall list the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately. A brief description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

**On the day of jury selection**, the parties shall premark exhibits using exhibit stickers provided by the courtroom deputy. Plaintiff's exhibits shall be marked numerically and defendant's exhibits shall be marked alphabetically.[1] Counsel shall retain the original set of exhibits until the beginning of trial.

In addition to the original exhibits, each party shall assemble in a binder for use by the court two sets of copies of

---

[1] If the defendant's exhibits exceed 26 in number, the defendant's exhibits shall begin with the number "500."

3

the exhibits. Each party shall also prepare a copy of all exhibits for every other party. All copies shall clearly show the exhibit number or letter.

**A separate list of all the exhibits**, showing the exhibit number or letter and a brief description of the exhibit shall be provided to the courtroom deputy on the day of the final pretrial conference. Two courtesy copies of the exhibit list shall be provided to the court.

No exhibit, other than those listed in compliance with this Pretrial Order, shall be admitted other than for good cause shown and arising at trial in response to the case in chief, or to then case in defense, and not reasonably anticipated at the time of complying with this Pretrial Order.

    d.    <u>Depositions, Interrogatories and Prior Testimony</u>: Each party shall list separately any interrogatories or depositions it intends to offer at trial for purposes other than impeachment or cross-examination. Appropriate page references for the portion the party proposes to read into evidence must be included. In addition, any part of a deposition to be introduced under F. R. Civ. P. 32(a)(4) shall be noted. If there is an objection to the introduction of the deposition or interrogatory, the party intending to offer the deposition or interrogatory must set forth the basis of its admissibility and the opponent must set forth the basis of the objection.

If either party intends to offer any prior testimony at trial for purposes other than impeachment or cross examination,

4

the party shall produce a copy of the testimony to opposing counsel and briefly summarize the testimony in the Trial Memorandum. If there is an objection to the introduction of the testimony, the party intending to offer the testimony must set forth the basis of its admissibility and the opponent must set forth the basis of the objection.

      e.   <u>Jury Instructions</u>: The parties shall include in the Supplemental Joint Trial Memorandum agreed-upon jury instructions. The proposed instructions should encompass all applicable rules of law. Citations to rules and authority should be provided in footnotes. If the parties cannot agree on a particular instruction, each party shall set forth its own proposed instruction in the joint filing, noting which party has proposed the instruction. The parties are not required to submit instructions on general issues such as role of the court, role of the jury, witness credibility, etc. Counsel shall submit to chambers a courtesy copy of the proposed jury instructions on a disc compatible with WordPerfect 11.

      f.   <u>Voir Dire Questions</u>: The parties shall submit their proposed voir dire questions in the Trial Memorandum. If either party objects to any of its opponent's proposed voir dire questions, the question, the objection and the basis of the objection should be stated. The parties shall include with their proposed voir dire questions a brief agreed upon statement of the case to be read by the court to the jury panel before voir dire.

      g.   <u>Opening Statement</u>: In accordance with D. Conn. L.

Civ. 83.4, the parties will be permitted to make opening statements to the jury. The opening statements shall be brief and provide a non-argumentative description of the claims made in the case.

    h.    <u>Anticipated Evidentiary Problems</u>: On or before **March 15, 2004,** the parties shall file motions <u>in limine</u> and supporting memoranda of law concerning any anticipated evidentiary problems. Responsive memoranda shall be filed by no later than **April 5, 2004.**

    i.    <u>Verdict Form or Interrogatories</u>: The parties shall submit as an exhibit to the Supplemental Joint Trial Memorandum a proposed verdict form suitable for submission to the jury. The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed from, the objecting party must state the basis for the objection and provide an alternative proposal. Counsel shall submit to chambers a courtesy copy of the proposed verdict form on a disc compatible with WordPerfect 11.

    j.    <u>Further Proceedings</u>: Specify, with reasons, the necessity for any further pretrial proceedings.

    k.    <u>Trial Attorneys</u>: List the names, addresses and phone numbers of the attorneys who will actually try the case.

The dates set forth in this order may not be changed except

by further order of the court pursuant to a written motion demonstrating good cause filed not later than five days before the date in question.

Two courtesy copies of the Supplemental Joint Trial Memorandum shall be submitted to chambers on the day that it is filed.

SO ORDERED this 16th day of December, 2003 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge