UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, as subrogee of WILLIAM AND ANNE GUEVREMONT, | : : : | CIVIL ACTION NO.: 3:02CV2000 (DJS) |
| Plaintiff, | : : | |
| v. | : : | |
| A.J. ELECTRIC, INC., | : | |
| Defendant. | : | March 12, 2004 |

**SUPPLEMENTAL JOINT TRIAL MEMORANDUM**

1. **TRIAL COUNSEL**

    (1)  Stuart G. Blackburn, Plaintiff's Counsel
         Two Concorde Way
         Windsor Locks, CT  06096-0608
         (860) 292-1116

    (2)  Erik Roberts, Defendant's Counsel
         Gordon Muir and Foley
         10 Columbus Boulevard
         Hartford, CT  06106-5123
         (860) 525-5361

2. **JURISDICTION**

    The jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1332 (a), there being diversity of citizenship between the parties and an amount in controversy in excess of $75,000.  The Plaintiff, Cambridge Mutual Fire Insurance Company, is a corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Andover, Massachusetts.  The Defendant, A. J. Electric, Inc., is a corporation existing under the laws of the State of Connecticut, with a principal place of business in Gales Ferry, Connecticut.

3. **JURY/NON-JURY**

   The case is to be tried to a jury.

4. **LENGTH OF TRIAL**

   Three days.

5. **FURTHER PROCEEDINGS**

   None.

6. **A. NATURE OF CASE - PLAINTIFF**

   The Plaintiff Cambridge Mutual Fire Insurance Company provided property insurance covering property owned by William and Anne Guevremont, located at 23 Marlin Drive, Groton, Connecticut.  On December 30, 2000, a fire occurred at that location, originating in an electrical panel located in the basement of the home, which caused significant damage to the property.  The Plaintiff alleges that the fire was caused by the negligence of the Defendant who serviced the electrical panel the day of the fire.  Mr. DeCosta, the owner of the Defendant company, was called to the Guevremont 's home December 30, 2000 because Mr. Guevremont detected that the panel was warm.  Mr. DeCosta found that the main circuit breaker was hot and needed to be replaced.  Furthermore, Mr. DeCosta noted evidence of old water damage.  However, Mr. DeCosta took no action to repair the problem or take the breaker out of service.  It is the Plaintiff's contention that, had he done, so the fire which occurred a few hours after Mr. DeCosta left the property, would have been prevented.  The cost to repair the home as a result of the fire was estimated to be $317,400.36, the value of the personal property damaged by the fire was $151,849.99 and the insureds incurred additional living expenses of $56,912.27. The Plaintiff seeks to recover its payments to its insureds under its insurance policy from the Defendant through its right of subrogation.

   **B. NATURE OF THE CASE – DEFENDANT**

   A. J. DeCosta, an experienced electrician, responded to a homeowner's request for service on Saturday, December 30, 2000.  The homeowner indicated, over the phone, that he wanted an investigation of his basement electrical panel.  Mr. DeCosta arrived at the home later that morning and found that the homeowner who made the call was no longer present.  Mr. DeCosta inspected the panel in the basement and determined it needed to be replaced.  After performing some diagnostic tests and inspecting the panel, he determined the panel was safe to remain in use until a replacement could be found, at most three days later Lawrence Vallierers will provide expert testimony that it was

reasonable for Mr. DeCosta to leave the panel in service while a replacement was located.

**7. TRIAL BY MAGISTRATE JUDGE**

The parties are willing to consent to a trial by a Magistrate Judge.

**8. LIST OF WITNESSES**

### A. Plaintiff's List Of Witnesses

<u>Fact Witnesses</u>

1. <u>William Guevremont</u>, 23 Marlin Drive, Groton, CT

    Mr. Guevremont is the plaintiff's insured and owner of the damaged premises. He is expected to testify about the events of December 30, 2000, his damages in connection with the fire, the fair market value of the property and their additional living expenses incurred as a result of the fire.

    Length of testimony:  1.0 hour

2. <u>Anne Guevremont</u>, , 23 Marlin Drive, Groton, CT

    Mrs. Guevremont is the plaintiff's insured and owner of the damaged premises. She is expected to testify about the events of December 30, 2000, her damages in connection with the fire, the fair market value of the property and their additional living expenses incurred as a result of the fire.

    Length of testimony:  1.0 hour

3. <u>Jessica Trembly</u>, 909 W Grove Parkway, #2053, Tempe, AZ

    Ms. Trembly is a sister of Mrs. Guevremont. She will testify to what she observed at the time of the fire.

    Length of testimony:  .6 hour

4. <u>Amy Trembly</u>, 2439 NE 282nd Avenue, Camas, Washington

    Ms. Trembly is Mrs. Guevremont's niece. She will testify to what she observed at the time of the fire.

    Length of testimony:  .6 hour

5.  <u>Anthony J. DeCosta</u>, 2 Chapman Lane, Gales Ferry, Connecticut.

    Mr. DeCosta is the president of the Defendant company and will testify to his observations and actions prior to and on December 30, 2000 at the Guevremont home.

    Length of testimony:  1.0 hour

**Plaintiff's Expert Witnesses**

1.  <u>Chris Killian</u>, Poquonock Bridge Fire Department, 737 Long Hill Road, Groton, CT  06340

    Mr. Killian is the Fire Marshal who investigated the cause of the fire. Mr. Killian will opine that the fire of December 30, 2000 originated in the area of the main electrical panel in the basement of the home. Mr. Killian will further opine that the cause of the fire was an electrical problem with the panel or the wires and circuitry associated with the panel.  Mr. Killian will base his opinion on his training and experience as a fire marshal, his examination of the fire scene, and his interviews of witnesses.  Mr. Killian will rely upon photographs of the fire scene during his testimony.

    Length of testimony:  1.0 hour

2.  <u>Ronald Mullen</u>, Engineering and Fire Investigations, 634 State Road, Suite K, North Dartmouth, MA

    Mr. Mullen is expected to express the opinion that the fire of December 30, 2000 originated within the main electrical panel in the basement of the home and that the cause of the fire was electrical arcing and activity in the area of the main circuit breaker switches.  Mr. Mullen will opine on the effects of water infiltrating the electrical panel and its components and his investigation of avenues for that water infiltration at the Guevremont home.  Mr. Mullen bases his opinions on his experience and training as a fire investigator, his inspection of the fire scene, and his interviews of witnesses.  Mr. Mullen will rely upon photographs during his testimony.

    Length of testimony:  1.5 hours

3.  <u>John F. Burke</u>, Jr., The Burke Corporation, 18 Railroad Avenue, Andover, MA 01810

- 4 -

    Mr. Burke will express his opinion of the fair and reasonable cost of repairing the Guevremont home as a result of the damage caused by the fire of December 30, 2000.  Mr. Burke's opinion is that the total cost of the repairs equals $316,170.00 as expressed in his report dated April 24, 2002.  Mr. Burke bases his testimony on his experience as a building contractor and a fire damage estimator and his inspections of the property.  Mr. Burke will rely upon his report and photographs he took of the property.

    Length of testimony:  .75 hour

4.    <u>Marcia A. Leonard</u>, PA Inc., 77 Newbury Lane, Wallingford, CT

    Ms. Leonard will express her opinion on the value of the contents within the Guevremont home which were damaged by the fire of December 30, 2000.  Her opinions of the value are consistent with the values on the claim inventory presented to the Plaintiff during the course of the Guevremonts' claim (Exhibit P69).  Ms. Leonard bases her opinion on her experience as a licensed public adjuster in valuing and evaluating the damage to the contents of homes damaged by fire, her inspection of the damaged property, and her interviews of the homeowners.  Ms. Leonard is expected to rely upon the contents inventory form and photographs of the damaged property.

    Length of testimony:  .75 hour

5.    <u>Eric Biss</u>, Box 2415, Pittsfield, MA

    Mr. Biss is expected to express his opinion on the damage to the Guevremonts' home and its contents as a result of the fire of December 30, 2000.  Mr. Biss' opinion of the values will be those expressed in his report dated November 20, 2003 that the actual value of the damage to the Guevremonts' home including its appliances was $317,400.36 and the total actual cash value of the contents totaled $151,849.99.  Mr. Biss' opinions are based upon his experience and training as a property insurance claims adjuster, his inspections of the property, and his research of the various values.  Mr. Biss will rely upon his report and photographs of the property.

    Length of testimony:  1.0 hour

6. <u>Thomas Conlan</u>, 35 Miller Road, Latham, NY

   Mr. Conlan will express his opinions that the cause of the fire of December 30, 2000 was the failure of the main 200 amp. breaker within the electrical panel. Furthermore, Mr. Conlan will opine that the Defendant did not act in a prudent fashion on the morning of the fire by failing to take the main breaker out of service after he detected its overheating condition and signs of water damage. Mr. Conlan's opinions have been more fully discussed in his report and at his deposition. Mr. Conlan bases his opinion on his experience and training as an electrician, an electrical consultant and an electrical inspector, his inspection of the electrical panel and its components, photographs of the fire scene, his review of the Defendant's invoices and statements, the deposition testimony of Mr. DeCosta, the reports of other consultants hired by the Plaintiff. Mr. Conlan will rely upon the photographs of the fire scene, and the electrical panel; the electrical panel and associated evidence taken from the property; and specific provisions of the Connecticut Fire Safety Code, the National Electrical Code and the Life Safety Code.

   Length of testimony: 2.0 hours

**B. Defendant's List Of Witnesses**

1. <u>Anthony J. DeCosta</u>, 2 Chapman Lane, Gales Ferry, CT

   Mr. DeCosta is expected to testify about his experience and training as an electrician. He will describe A. J. Electric, Inc. He will explain his familiarity with the house in question and the owners. He is expected to testify in detail about the events occurring on December 30, 2000, his findings, conclusions and actions.

   Length of testimony: 2 hours (1 hour by plaintiff)

2. <u>William Guevremont</u>, 23 Marlin Drive, Groton, CT

   Mr. Guevremont is expected to testify regarding the events of December 30, 2000. It is also expected that he will testify regarding Mr. DeCosta and the work he performed at the home.

   Length of testimony: 1 hour (0 hours if called by plaintiff)

3. <u>Laurence Vallieres</u>, 109 Commerce Street, Glastonbury, CT

Mr. Vallieres was hired by the defendant to provide expert analysis and opinions in this matter. Mr. Vallieres will testify about his investigation of the case, as well as his findings and conclusions. Mr. Vallieres opinions are based upon his experience as an electrical contractor for over 40 years, and his background and education in the field of electrical contracting, his review of the testimony of James DeCosta, the reports of electrical consultants, photographs, invoices, statement and provisions of the various codes cited by the plaintiff's expert Mr. Conlan.

Length of testimony:  2 hours

## 9. EXHIBITS

**Exhibits Of Plaintiff**

| | |
|---|---|
| P1-60 | Photographs of the Guevremont home taken by John Burke, Jr. |
| P61 | Lease for property at 18 Middlefield Street, Groton Long Point, Connecticut from January 15, 2001 to June 25, 2001. |
| P62 | Lease renewal for 18 Middlefield Street, Groton Long Point from April 1, 2001 to June 25, 2001. |
| P63 | Lease for property at 132 Cedar Road, Mystic, Connecticut for June 18, 2001 to August 31, 2001. |
| P64 | Lease for the property 132 Cedar Road, Mystic, Connecticut. |
| P65 | Lease for the property 4 Heatherspur Road, Ledyard, Connecticut. |
| P66 | Invoice from JP Appliance dated January 5, 2001. |
| P67 | Invoice from BJ Wholesale dated April 24, 2002. |
| P68 | Three invoices from Bogovin Moving & Storage dated April 24 and April 25, 2002. |
| P69 | Claim Inventory of Personal Property prepared by insured and Marsha Leonard. |
| P60 | Servpro invoice dated June 1, 2001. |
| P61 | Servpro estimate invoice dated February 19, 2001. |

| | |
|---|---|
| P62 | Servpro bill of April 3, 2002. |
| P63 | Lease for 88 Sound Breeze Avenue, Groton Long Point from September 25, 2001 to February 28, 2002. |
| P64 | A.J. Electric work order dated December 30, 2000. (DeCosta deposition Exhibit 6) |
| P65 | Summary Events dated January 12, 2001 prepared by Mr. DeCosta (DeCosta deposition Exhibit 8, page 2) |
| P66 | Statement of A. James DeCosta dated December 26, 2001. (DeCosta deposition Exhibit 10) |
| P67-120 | Forty four photographs taken by Ronald Mullen of the fire scene. |
| P121 | The electrical panel and associated evidence taken from 32 Marlin Drive. |
| P122 | Appraisal of Damage prepared by John Burke, Jr. |
| P83-227 | Photographs of the property and contents taken by Eric Biss. |
| P228-P241 | Checks from Cambridge Mutual to William and Anne Guevremont in payment of the loss. |
| P242-P256 | Photographs of the evidence taken by Thomas Conlan. |
| P257 | Report of appraisal of damage prepared by Eric Biss dated November 20, 2003. |

**10. TRIAL TO JURY**

(1) <u>Stipulation of Uncontroverted Facts</u>

1. William and Anne Guevremont were the owners of the residence at 32 Marlin Drive, Groton, Connecticut.

2. On December 30 2000, the Plaintiff Cambridge Mutual Fire Insurance Company insured the Guevremonts' home and its contents for damage from fire.

3. On December 30, 2000, a fire occurred at 32 Marlin Drive, Groton, Connecticut.

- 8 -

(2) <u>Agreed Statement of the Case to be Read to the Jury Prior to Voir Dive</u>

    This case concerns a fire which occurred on December 30, 2000 at the home of William and Anne Guevremont located in Groton, Connecticut.  The Plaintiff Cambridge Mutual Fire Insurance Company provided homeowner's insurance to the Guevremonts and paid them for the damages they suffered as a result of the fire.  Cambridge Mutual, as it was entitled to do under the law, brought this action claiming that the Defendant was negligent in failing to take steps that would have prevented the fire.  The Defendant denies it was negligent.

(3)  <u>Proposed Voir Dire Questions</u>

<u>Plaintiff's Questions</u>

1.    Have you heard anything about this case from any source whatsoever?
    a.  If so, what have you heard?
    b.  Has anything that you have heard caused you to form an opinion about this case?
    c.  If so, what is that opinion?

2.    Are you or any member of your family or friends a present or past employee of the Defendant?

3.    Have you, or any member of your family or friends had any dealings, business or otherwise, with the Defendant or its owners?

4.    Are you acquainted with any of the prospective witnesses in this case?
    a.  If so, what is your relationship with the witnesses?

5.    Are you, or any member of your family, employed by an insurance company?

6.    Have you or any member of your family or friends been involved in a lawsuit involving negligence, either as a plaintiff or defendant?

7.    Have you served as a juror in this Court or any other Court?
    a.  If so, did you deliberate to a verdict; and
    b.  Would your previous experiences as a juror tend to influence our decision in this case in any way?

8.  Are you or any member of your family a fireman, fire investigator, electrician, or an electrical engineer?

9.  Have you, any member of your family, had a close friend that was a fireman, fire investigator, electrician, or an electrical engineer?

10. The Plaintiff in this case is an insurance company pursuing its subrogation rights as the law permits it to do so.  Is the fact that an insurance company is a party to the case going to influence your decision on the case in any way?

11. Have you or any close friends or family members ever been the victim of a fire?

Defendant's Questions

1.  Have you ever complained about work that was performed on or about your home or vehicle?

2.  If the answer to question 1 is yes, please state, in general, the nature of the complaint and the outcome.

3.  Have you, your family or friends, been involved in any lawsuit?

4.  If the answer is yes, was the lawsuit resolved to your satisfaction?

(4) Proposed Jury Instructions are attached

The Plaintiff objects to the Defendant's proposed jury instruction on the necessity of expert testimony to prove a breach of the duty of care.  The Plaintiff does not offer an alternative proposed instruction since it is its position no charge on the issue is necessary.

## 11. ANTICIPATED EVIDENTIARY PROBLEMS

None

Counsel signing this Supplemental Joint Trial Memorandum certify that it is a product of consultation between them.

THE PLAINTIFF,

By:_____
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT 06096
Tel.: 860-292-1116
Fax: 860-292-1221
Fed. Ct. #cT00686

THE DEFENDANT,

By:_____
Erik Roberts, Esq.
Gordon, Muir and Foley
10 Columbus Boulevard
Hartford, CT  06106-5123
Tel.:  860-525-5361
Fax:  860-525-4849
Fed. Ct. #ct22166