**EXHIBIT A**

**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

<u>Plaintiff's Request for Charge No. I</u>

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property. <u>Sevigny v. Dibble Hollow Condominium Assn.,</u> 76 Conn. App. 306, 819 A2d. 844 (2003)

<u>Plaintiff's Request for Charge No. 2</u>

Negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person, with the Defendant's training and knowledge, would use in the same circumstances.

<u>Hoelter v. Mohawk Services, Inc.</u>, 170 Conn. 495, 501 (1976)

Plaintiff's Request for Charge No. 3

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person possessing the Defendant's training and knowledge would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.  Galligan v. Blais, 170 Conn. 73, 77 (1976)

Plaintiff's Request for Charge No. 4

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Doe v. Manheimer, 212 Conn. 748, 757 (1989)

Case 3:02-cv-02000-DFM    Document 21-2    Filed 03/15/2004    Page 4 of 11

Plaintiff's Request for Charge No. 5

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.  Pilon v. Anderson, 112 Conn. 300, 301 (1930)

Plaintiff's Request for Charge No. 6

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury.  Doe v. Manheimer, 212 Conn. 748, 757-58 (1989)

Plaintiff's Request for Charge No. 7

To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff need not prove that the defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, the plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated, in view of what the defendant knew or should have known at the time of the negligent conduct.  Mehri v. Becker, 164 Conn. 516, 521 (1973)

<u>Plaintiff's Request for Charge No. 8</u>

If you find that the Defendant's conduct was a substantial factor in bringing about the Plaintiff's losses, then you must find that such conduct was the legal proximate cause of the damage.  <u>Pinto v. Spigner</u>, 163 Conn. 191 (1972)

Plaintiff's Request for Charge No. 9

If you find the Defendant's conduct was a substantial factor in bringing about the Plaintiff's losses, then you must determine what damages to award to the Plaintiff. The Plaintiff need not prove the existence and amount of damages with mathematical certainty and exactitude. Johnson v. Flammia, 169 Conn. 491, 363 A.2d. 1048 (1975)

<u>Plaintiff's Request for Charge No. 10</u>

The proper measure of damages for damage to property is the diminution in value of the property before and after the loss. The diminution in value may be proven by the cost to repair the property provided the cost to repair does not exceed the value of the property. <u>Whitman Hotel Corp. v. Watrous Eng. Co.</u>, 137 Conn. 562, 79 A2d. 591 (1951)

<u>Plaintiff's Request for Charge No. 11</u>

An insurance company's right of subrogation arises from its contract of insurance with its insured. The insurance company steps into the shoes of the insured and is allowed to assume that insured's rights against the party who caused the insured's loss. <u>Orselet v. DeMatteo</u>, 206 Conn. 542, 546-47, 539 A.2d 95 (1988)